**RR PUBLICATION AND PRODUCTION CO., INC. and Anita Stumbo, Appellants,**

v.

**LEWISVILLE INDEPENDENT SCHOOL DISTRICT and Helen Cernosek, Appellees.**

No. 2–95–088–CV.

Court of Appeals of Texas, Fort Worth.

Feb. 29, 1996.

Rehearing Overruled April 4, 1996.

George C. Lamb, III, Baker & Botts, L.L.P., Dallas, for Appellants.

Earl Luna and Lorna L. Belt, Law Offices of Earl Luna, P.C., Dallas, for Appellees.

Before CAYCE, C.J., and LIVINGSTON and RICHARDS, JJ.

## OPINION

RICHARDS, Justice.

Appellants RR Publication and Production Co., Inc. and Anita Stumbo (RR) appeal a summary judgment granted to appellees Lewisville Independent School District and Helen Cernosek (LISD). Because the trial court granted summary judgment on a cause of action not addressed in LISD's summary judgment motion, we reverse.

After a change of venue, RR filed its original petition on January 11, 1995, in County Court at Law Number Three in Denton County. RR's original petition asserted claims for conversion, misappropriation, and failure to pay for goods and services in connection with the school district's alleged use of RR's design and prototype for school planners. On February 21, 1995, LISD moved for summary judgment. On March 16, 1995, RR filed a response to LISD's summary judgment motion and also amended its petition to assert a "takings" claim under article 1, section 17 of the Texas Constitution.

On March 24, 1995, LISD filed a reply to RR's response to LISD's summary judgment motion. In this reply brief, LISD addressed the takings claim asserted in RR's amended petition. LISD did not, however, file a supplemental motion for summary judgment on this cause of action. That same day, the trial court granted summary judgment to LISD on RR's "whole case" and ordered that RR take nothing against LISD.

█ In general, a party may not be granted judgment as a matter of law on a cause of action not addressed in a summary judgment proceeding. *Chessher v. Southwestern Bell Tel. Co.*, 658 S.W.2d 563, 564 (Tex.1983). Thus, when a defendant moves for summary judgment on only one of several causes of action, the trial court can grant summary judgment solely on that one cause of action. *Id.* "It is axiomatic that one may not be granted judgment as a matter of law on a cause of action not addressed in a summary judgment proceeding." *Id.*

█ Although LISD "addressed" RR's takings claim in its reply brief, grounds for summary judgment must be "expressly presented in the motion for summary judgment itself." *McConnell v. Southside I.S.D.*, 858 S.W.2d 337, 338 (Tex.1993). In determining whether grounds are expressly presented, reliance may not be placed on briefs. *Id.* at 341. The purpose of this requirement is to provide the opposing party with adequate information for opposing the motion and to define the issues. *Westchester Fire Ins. Co. v. Alvarez*, 576 S.W.2d 771, 772 (Tex.1978).

Also, LISD filed its reply brief addressing RR's takings claim on the same day as the summary judgment hearing. In addition to the fact that LISD's reply brief was not a motion expressly presenting grounds for summary judgment under *McConnell*, Texas Rule of Civil Procedure 166a(c) requires movants to file and serve summary judgment motions and any supporting affidavits at least twenty-one days before the hearing except with leave of court and notice to opposing counsel. Even if LISD's reply brief was a summary judgment motion expressly presenting the grounds entitling LISD to judgment as a matter of law on RR's takings claim—and it was not—the record does not reflect that the trial court granted LISD leave to file a late motion or that LISD gave timely notice to RR.

Because the trial court granted LISD judgment as a matter of law on a cause of action not presented in LISD's motion, we reverse. *See Mafrige v. Ross,* 866 S.W.2d 590, 591 (Tex.1993) ("[G]ranting a motion for summary judgment on causes of action not addressed in the motion is reversible error.") Because issues of fact to be determined by the trial court remain, we do not address RR's other well-briefed points of error, which we urge the trial court to reconsider on remand. We sustain RR's first point of error and remand this case to the trial court for trial on the merits.