Opinion issued March 27, 2008







 





In The
Court of Appeals
For The
First District of Texas
 

 
 
NOS. 01-06-00896-CV
          01-07-00165-CV
  __________
 
RUSSELL SCOTT CLARK, JERRY ANN CLARK, LEVI CLIFFORD
CLARK, CAYLEIGH RENE, A MINOR CHILD BY AND THROUGH
RUSSELL SCOTT CLARK, CHANCE PARKER, A MINOR CHILD BY
AND THROUGH RUSSELL SCOTT CLARK, WHITNEY BLAIR CLARK,
A MINOR CHILD BY AND THROUGH RUSSELL SCOTT CLARK,
BRETT ALLEN METCALF, ROBIN RENEE METCALF SAXON,
BRANDEN DEAN METCALF, A MINOR CHILD BY AND THROUGH
ROBIN RENEE METCALF SAXON, SHANON KAY SMALL, JORDAN
DANE SMALL, A MINOR CHILD BY AND THROUGH SHANON KAY
SMALL, MADISON SHAE SMALL, A MINOR CHILD BY AND
THROUGH SHANON KAY SMALL Appellants
 
V.
 
WELLS FARGO BANK, N.A., SUCCESSOR-IN-INTEREST TO FIRST
COMMUNITY BANK, N.A., AND THE PERMANENT ADMINISTRATOR
FOR THE ESTATE OF PARKER WILLIAMS Appellees
 

 
 
On Appeal from Probate Court No. 1
Harris County, Texas
Trial Court Cause Nos. 350,072-402 & 350,072-404
 

 
 
MEMORANDUM OPINION
          In this dispute over survivorship rights to several certificates of deposit
(“CDs”), appellants, Russell Scott Clark, Jerry Ann Clark, Levi Clifford Clark,
Cayleigh Rene, a minor child by and through Russell Scott Clark, Chance Parker, a
minor child by and through Russell Scott Clark, Whitney Blair Clark, a minor child
by and through Russell Scott Clark, Brett Allen Metcalf, Robin Renee Metcalf Saxon,
Bramden Dean Metcalf, a minor child by and through Robin Renee Metcalf Saxon,
Shanon Kay Small, Jordan Dane Small, a minor child by and through Shanon Kay
Small, Madison Shae Small, a minor child by and through Shanon Kay Small
(collectively “Claimants”), contend that the trial court erred in granting summary
judgments in favor of appellees, Wells Fargo Bank, N.A., successor-in-interest to
First Community Bank, N.A., (“Wells Fargo”)


 and the Estate of Parker Williams
(“the Estate”).


 
          In three issues, the Claimants contend that (1) the trial court erred in granting
Wells Fargo’s motion for summary judgment because Wells Fargo did not move for
summary judgment on their tort claims and is not protected from claims by the Texas
Probate Code; (2) alternatively, the trial court erred in granting Wells Fargo’s motion
for summary judgment because there were fact issues relating to the Claimants’ tort
claims; and (3) if Wells Fargo is protected from the Claimants’ tort claims by the
Texas Probate Code, the trial court erred in granting the Estate’s motion for summary
judgment because they have a statutory right to dispute ownership of the funds paid
from the new certificates of deposit (“CDs”) if Wells Fargo is protected from claims
and the Claimants presented sufficient evidence to raise a fact issue regarding mistake
and ownership. We dismiss the appeal of Wells Fargo’s motion for summary
judgment for want of jurisdiction and affirm the Estate’s summary judgment. 
Background
          In the early 1990s, Parker Williams opened six CDs with First Community
Bank Houston.


 The CDs, which totaled $1,253,907.50, carried the name of Williams
and the Claimants and were each marked as a “Multiple-Party Account with Right of
Survivorship.” The Original CDs provided:
Multi-Party Account with Right of Survivorship – The parties to the
account own the account in proportion to the parties’ net contributions
to the account. We may pay any sum in the account to a party at any
time. On the death of a party, the party’s ownership of the account
passes to the surviving parties.
 
Withdrawals – Unless otherwise clearly indicated on the account
records, any one of you who signs this form including authorized
signors, may withdraw or transfer all or any part of the account balance
at any time on forms approved by us.

Williams was the only one who signed the account agreements, and the Claimants
were unaware that the CDs existed. 
          In July of 2004, Williams met with a Wells Fargo employee in Houston and
was told that the CDs were not fully covered by Federal Deposit Insurance
Corporation (“FDIC”) insurance. Williams was advised that the First Community
Bank San Antonio, N.A.


 could provide her with the requisite excess deposit
insurance coverage. She opened six new, fully-insured, CDs at the San Antonio
location. The CDs were set up in Williams’s name, only, and she initialed the
“Single-Party Account Without ‘P.O.D.’ Designation” on each of the account
agreements. The new accounts provided:
Single-Party Account Without P.O.D. Designation - The party to the
account owns the account. On the death of the party, ownership of the
account passes as a part of the party’s estate under the party’s will or by
intestacy. 

One month later, on August 25, 2004,Williams died intestate. The Claimants are not
Williams’s heirs or legatees under the laws of intestate distribution.
          On March 23, 2005, upon request from Williams’s administrator, Wells Fargo
wired the funds from the CDs to the Estate. One month later, on April 29, 2005, the
Claimants filed a presentment of claim in the probate court demanding payment of
the CDs. The Estate denied the claim, and Wells Fargo filed an original petition for
declaratory judgment seeking (1) a determination of the construction and validity of
the CDs, (2) a declaration of rights, status, or other legal relations between Wells
Fargo, Williams’s estate, and the Claimants; (3) a declaration of rights, if any, of the
Claimants to the CDs at the time of Williams’s death; and (4) a determination of any
other questions as to any of the Claimants’ ownership of the CDs, other than as
Williams’s heirs. The Claimants filed an original third-party petition seeking
resolution to the same declarations presented by Wells Fargo. 
          Three months later, on May 17, 2006, Wells Fargo filed a traditional motion
for interlocutory summary judgment seeking resolution by the trial court of (1) the
validity and enforceability of the account documents underlying the Original CDs, (2)
whether Williams was a person with the right to withdraw or transfer the funds
represented by the Original CD, (3) whether Williams had the right to withdraw or
transfer at any time all or any part of the funds represented by the Original CD, and
(4) Wells Fargo’s discharge from claims for amounts paid by or on behalf of Wells
Fargo to Williams as proceeds from the Original CDs. After moving for summary
judgment, Wells Fargo amended its petition for declaratory relief to request that the
court 
a.determine that the account documents underlying the Original
CDs are valid and enforceable against Claimants. 
 
b.determine that MS. WILLIAMS was a person with the right to
withdraw or transfer the Original CD funds.
 
c.determine that MS. WILLIAMS had the right to withdraw or
transfer all or any part of such funds at any time.
 
d.determine that [Wells Fargo] is discharged from claims for
amounts paid by or on behalf of [Wells Fargo] to PARKER
WILLIAMS as proceeds from the Original CDs.

The Estate adopted Wells Fargo’s traditional motion for summary judgment and also
filed a no-evidence summary judgment. 
          On July 5, 2006, the Claimants amended their petition to assert, for the first
time, affirmative tort claims against the Estate and Wells Fargo. Specifically, the
Claimants allege that it was “unnecessary for Parker Williams to modify the multi-party [CDs] and that Parker Williams intended for Claimants to receive the funds
contained within the [CDs] that were transmitted to the [Estate].” The Claimants
alleged, in the alternative, that, if the court determined that the Estate is the rightful
owner of the CDs, “Wells Fargo tortiously interfered with Claimants’ inheritance
rights.” The Claimants further alleged that “Wells Fargo was negligent with respect
to banking, investment, and FDIC coverage advice provided to Parker Williams.” On
August 3, 2006, the trial court ordered as follows:
1.Judgment that the Account documents underlying the Original
CDs are valid and enforceable against Claimants.
 
2.Judgment that PARKER WILLIAMS was a person with the right
to withdraw or transfer the funds represented by the Original
CDs.
 
3.Judgment that PARKER WILLIAMS had the right to withdraw
or transfer at any time all or any party of the funds represented by
the Original CDs.
 
4.Judgment that WELLS FARGO is discharged from claims for
amounts paid by or on behalf of Plaintiff to PARKER
WILLIAMS as proceeds from the Original CDs.
 
5.An award of attorney’s fees in the amount of $18,012.00.
 
6.Judgment for its costs of suit. 

Wells Fargo’s case was severed from the remaining action. The trial court granted
the Estate’s traditional and no-evidence motions for summary judgment. The
Claimants appeal the grant of summary judgment.
Summary Judgment Standard of Review
          A party moving for summary judgment must conclusively prove all of the
elements of its cause of action or defense as a matter of law. Tex. R. Civ. P. 166a(c); 
Holy Cross Church of God in Christ v. Wolf, 44 S.W.3d 562, 566 (Tex. 2001); 
Rhone-Poulenc, Inc. v. Steel, 997 S.W.2d 217, 222–23 (Tex. 1999). When a summary
judgment does not specify or state the grounds on which the trial court relied, the
non-movant on appeal must negate any grounds on which the trial court could have
relied, and we will affirm the summary judgment on appeal if any of the grounds
presented in the motion is meritorious. See Harwell v. State Farm Mut. Auto. Ins.
Co., 896 S.W.2d 170, 173 (Tex. 1995); Mellon Serv. Co. v. Touche Ross & Co., 17
S.W.3d 432, 435 (Tex. App.—Houston [1st Dist.] 2000, no pet.). A non-movant is
required to show that each ground alleged in the motion for summary judgment was
insufficient to support summary judgment. Star-Telegram, Inc. v. Doe, 915 S.W.2d
471, 473 (Tex. 1995).
          To prevail on a no-evidence summary judgment motion, a movant must allege
that there is no evidence of an essential element of the adverse party’s cause of action. 
Tex. R. Civ. P. 166a(i); Fort Worth Osteopathic Hosp., Inc. v. Reese, 148 S.W.3d 94,
99 (Tex. 2004). We review a no-evidence summary judgment under the same legal
sufficiency standard used to review a directed verdict. Gen. Mills Rests., Inc. v. Tex.
Wings, Inc., 12 S.W.3d 827, 832–33 (Tex. App.—Dallas 2000, no pet.). Although
the non-moving party is not required to marshal its proof, it must present evidence
that raises a genuine issue of material fact on each of the challenged elements. Tex.
R. Civ. P. 166a(i); Ford Motor Co. v. Ridgway, 135 S.W.3d 598, 600 (Tex. 2004). 
A no-evidence summary judgment motion may not properly be granted if the
non-movant brings forth more than a scintilla of evidence to raise a genuine issue of
material fact on the challenged elements. Ridgway, 135 S.W.3d at 600. More than
a scintilla of evidence exists when the evidence “rises to a level that would enable
reasonable and fair-minded people to differ in their conclusions.” Merrell Dow
Pharms., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997).
Tort Claims
          In issue one, the Claimants contend that the trial court erred in granting
summary judgment in favor of Wells Fargo because it did not move for summary
judgment on their tort claims, is not protected from claims by the Texas Probate
Code, and cannot exclude extrinsic evidence of Williams’s intent.
          Wells Fargo filed a traditional motion for interlocutory summary judgment
seeking resolution by the trial court of (1) the validity and enforceability of the
Account documents underlying the Original CDs, (2) whether Williams was a person
with the right to withdraw or transfer the funds represented by the Original CD, (3)
whether Williams had the right to withdraw or transfer at any time all or any part of
the funds represented by the Original CD, and (4) Wells Fargo’s discharge from
claims for amounts paid by or on behalf of Wells Fargo to Williams as proceeds from
the Original CDs. In its motion, Wells Fargo stated that it should be “discharged
from all claims made or which could be made for amounts it paid under the Accounts
or based on the Original CDs.” After Wells Fargo filed its motion for summary
judgment, the Claimants amended their petition and asserted tort claims against Wells
Fargo. Specifically, the Claimants alleged that Wells Fargo tortiously interfered with
their inheritance rights and was negligent with respect to banking advice provided to
Williams. 
          The Claimants filed a response to the Estate’s and Wells Fargo’s motions for
summary judgment asserting that (1) a mistake was made when the new CDs were
opened or, in the alternative, Wells Fargo “fraudulently transferred the CDs to San
Antonio to atone for incorrect (or at a minimum, inconsistent) insurance coverage
advice previously provided to [Williams] and to obtain lower insurance premiums for
excess deposit insurance coverage.” The Claimants also instructed the trial court that
“none of the dispositive motions address Claimants’ tort claims against Wells Fargo,
and that genuine issues of material fact exist with respect to whether the original CDs
were valid and the funds properly released to [Williams].” 
           Wells Fargo filed a reply to the response, and, the next day, on August 3,
2006, the trial court granted Wells Fargo’s summary judgment. Two weeks later, the
trial court granted Wells Fargo’s motion for severance and to make the interlocutory
judgment final and stated that “the Final Judgment in the severed action is a final
judgment disposing of all claims and all parties in the severed action.” 
           The Claimants contend that, because Wells Fargo’s motion for summary
judgment did not address the funds from the new CDs or the alleged acts and
omissions of Wells Fargo’s employees that occurred after the original CDs were
closed, as alleged in the amended petition, the trial court erred in granting summary
judgment on the tort claims. We agree.
          A summary judgment cannot be granted on the entirety of a case unless the
motion addresses each cause of action or affirmative defense. Clark v. Pruett, 820
S.W.2d 903, 907 (Tex. App.—Houston [1st Dist.] 1991, no writ). If a plaintiff
amends his petition to add new theories of liability after being served with the
motion for summary judgment, the defendant usually must file an amended or
supplemental motion to address the newly pled causes of action. Yancy v. City of
Tyler, 836 S.W.2d 337, 341 (Tex. App.—Tyler 1992, no writ). However, an
amended or supplemental motion may not be required when the original petition
merely reiterates the same essential elements of that party’s original claims in
another fashion. See Fraud-Tech Inc. v. Choicepoint Inc., 102 S.W.3d 366, 387
(Tex. App.—Fort Worth 2003, pet. denied). 
           In this case, the amended petition does much more than merely reiterate the
same elements of the Claimants’ declaratory judgment claims. Here, after filing the
motion for summary judgment, the Claimants amended the petition to add new tort
claims based on additional facts: specifically, actions that were taken after the
original CDs were closed and the disbursement of funds for the new CDs. 
Nevertheless, Wells Fargo argues that the motion addresses these new claims as
follows:
CLAIMANTS Response alleges that WELLS FARGO’S Motion does
not dispose of the tort claims against WELLS FARGO. . . . This is
incorrect. WELLS FARGO’S Motion . . . sets out the contentions of
WELLS FARGO that it is protected by the provisions of Probate Code
Section 443 through 448, and . . . states in relevant part that “WELLS
FARGO is discharged from all claims made or which could be made
for amounts it paid under the Accounts or based on the Original CDs.” 
(emphasis added.) Therefore, WELLS FARGO’S Motion clearly does
request a summary judgment in its favor as to CLAIMANTS’ tort
claims, such being “claims” from which WELLS FARGO is discharged
pursuant to Probate Code Section 448 and Bandy v. First State Bank. 
 
We disagree. The motion for summary judgment specifically deals with the law and
facts surrounding the conduct before the original CDs were closed and does not
show how and why the identified provisions of the Probate Code would apply to the
new CDs or actions taken after the original CDs were closed. Furthermore, the
motion does not identify the relevant undisputed facts for the trial court to consider
regarding the application of these statutes to the Claimants’ tort claims.
    We may not affirm a summary judgment on a ground not addressed in the
summary judgment proceeding. City of Houston v. Clear Creek Basin Auth., 589
S.W.2d 671, 677 (Tex. 1979). We acknowledge that Wells Fargo asserts that it
addressed the tort claims in its reply to the Claimants’ response to the motions for
summary judgment. However, in the absence of the nonmovant’s consent, a movant
may not raise a new ground for summary judgment in a reply to the nonmovant’s
response. Sanders v. Capitol Area Council, 930 S.W.2d 905, 911 (Tex.
App.—Austin 1996, no writ); RR Publ’n & Prod., Inc. v. Lewisville Indep. Sch. Dist.,
917 S.W.2d 472, 473 (Tex. App.—Fort Worth 1996, no writ). 
          Because we hold that Wells Fargo’s motion for summary judgment did not
dispose of all the causes of action, we dismiss the Claimants’ appeal of the judgment
for want of jurisdiction.
Ownership Dispute
          In issue three, the Claimants contend that, under the Parol Evidence Rule,
extrinsic evidence is admissible to create a fact issue regarding mistake and to
dispute ownership of the funds with the Estate.
          Texas Probate Code Section 439 is the exclusive means for creating a right of
survivorship in joint accounts. Tex. Prob. Code Ann. § 439 (Vernon 2003);
Stauffer v. Henderson, 801 S.W.2d 858, 862–63 (Tex. 1990). This applies to
accounts at financial institutions and includes checking accounts, savings accounts,
certificates of deposit, share accounts, and other like arrangements. Tex. Prob.
Code Ann. § 436(l) (Vernon 2003); see also Tex. Prob. Code Ann. § 450 (Vernon
2003). Furthermore, a party who claims to own an account as the survivor of a joint
account (or P.O.D.) bears the burden of proving the claims. See Pressler v. Lytle
State Bank, 982 S.W.2d 561, 564 (Tex. App.—San Antonio 1998, no pet.). The
Claimants contend that they should be permitted to produce evidence to raise a fact
issue as to whether the decedent intended to create a right of survivorship. 
          The parol evidence rule is a rule of substantive law. Hubacek v. Ennis State
Bank, 159 Tex. 166, 317 S.W.2d 30, 31 (1958); Piper, Stiles & Ladd v. Fid. & Dep.
Co., 435 S.W.2d 934, 940 (Tex. Civ. App.—Houston [1st Dist.] 1968, writ ref’d
n.r.e.). When parties reduce an agreement to writing, the law of parol evidence
presumes, in the absence of fraud, accident, or mistake, that any prior or
contemporaneous oral or written agreements are merged into the final, written
agreement and, therefore, that any provisions not set out in the writing were either
abandoned before execution of the agreement or, alternatively, were never made and
are thus excluded from consideration in interpreting the written agreement. See
Hubacek, 317 S.W.2d at 31; Muhm v. Davis, 580 S.W.2d 98, 101 (Tex. Civ.
App.—Houston [1st Dist.] 1979, writ ref’d n.r.e.).
          We review parol evidence questions de novo, as questions of law. City of
Pasadena v. Gennedy, 125 S.W.3d 687, 691 (Tex. App.—Houston [1st Dist.] 2003,
pet. denied). Evidence that violates the parol evidence rule has no legal effect and
“merely constitutes proof of facts that are immaterial and inoperative.” Piper, Stiles
& Ladd, 435 S.W.2d at 940. Because all prior negotiations and agreements are
presumed merged into the final agreement, parol evidence is not admissible to vary,
alter, or supplement the terms of an otherwise unambiguous contract except to show
(1) that the contract was induced by fraud, accident, or mistake, (2) that an
agreement was to become effective only upon certain contingencies, or (3) in the
case of ambiguity, that the parties’ true intentions differ from those expressed in the
agreement. See Messer v. Johnson, 422 S.W.2d 908, 912 (Tex. 1968); Litton v.
Hanley, 823 S.W.2d 428, 430 (Tex. App.—Houston [1st Dist.] 1992, no writ).
          In their first amended petition, the Claimants alleged that, if the Estate is the
rightful owner of the CDs, Wells Fargo tortiously interfered with their inheritance
rights and “was negligent with respect to banking, investment, and FDIC coverage
advice provided to Parker Williams.” Relying on Probate Code Section 439, the
Deadman’s Statute,


 the Parol Evidence Rule, the “four corners of the document”
rule, hearsay,


 and double hearsay, the Estate objected to the Claimants’ use of
extrinsic summary judgment evidence. Furthermore, the Claimants did not allege
any mistake or fraud against the Estate. The trial court granted the Estate’s objection
to the Claimants’ summary judgment evidence, and the Claimants do not contest that
ruling on appeal. There is no fraud or mistake as to the Estate pled here, and the
there is no claim that the San Antonio CD agreements are incomplete or ambiguous. 
The Estate argues that the “Claimants cannot use extrinsic evidence in an attempt to
get around the four corner of the San Antonio First Community Bank, N.A., CDs.” 
We agree. 
          We overrule issue three.
Conclusion
          The Claimants’ appeal of Wells Fargo’s summary judgment is dismissed for
want of jurisdiction. The Estate’s summary judgment is affirmed.
 
                                                                        George C. Hanks, Jr.
                                                                        Justice
 
Panel consists of Justices Nuchia, Hanks, and Higley.