In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-08-00166-CV


____________________



KELLI SARTIN, Appellant



V.



BEACON MARITIME, INC., Appellee 


 




On Appeal from the County Court at Law No. 1


Jefferson County, Texas


Trial Cause No. 105300






MEMORANDUM OPINION



 Appellant Kelli Sartin appeals from a summary judgment entered in favor of appellee
Beacon Maritime, Inc. concerning her trespass claim. (1) We reverse the trial court' s judgment
as to the trespass claim because that claim was not addressed in the motion for summary
judgment.

Background


 Sartin filed suit against Beacon for alleged damages to a partially-built structure
located on her real property in Sabine Pass. Sartin contended that during Hurricane Rita, her
property was damaged when a trailer drifted onto her property. Williams Scotsman owned
the trailer, and Beacon was leasing it from Williams Scotsman. In her original petition,
Sartin asserted causes of action for negligence and gross negligence. 

 On June 15, 2007, Beacon filed a motion for summary judgment, in which Beacon
asserted both traditional and no-evidence grounds for summary judgment. See Tex. R. Civ.
P. 166a(c), (i). On July 9, 2007, Sartin filed a second amended petition, in which she alleged
previously unasserted causes of action, including trespass related to efforts to remove the
trailer. On July 13, 2007, Beacon filed a pleading entitled "Reply to Plaintiff's Joint
Response to All Defendants' Traditional and No Evidence Motions for Summary
Judgment[,]" in which Beacon addressed Sartin's newly-added trespass claim and requested
summary judgment and dismissal of "all the claims alleged by Plaintiff against
Defendant[.]" (2) Beacon attached additional summary judgment evidence to its reply.

 According to the parties, the trial court conducted a hearing on Beacon's motion for
summary judgment on July 16, 2007, and on July 19, 2007, the trial court entered an order
granting Beacon's motion for summary judgment and dismissing Sartin's claims against
Beacon with prejudice. Sartin then filed a motion for new trial as to her trespass claim. She
argued that because Beacon did not seek leave of court to amend its motion for summary
judgment to address the new theories of recovery Sartin asserted in her second amended
petition, the trial court erred in granting summary judgment in favor of Beacon. Specifically,
Sartin contended that Beacon improperly asserted additional grounds for summary judgment
by means of a reply brief, and that she was not provided adequate notice under Rule 166a of
the Texas Rules of Civil Procedure. The trial court denied Sartin's motion for new trial, and
Sartin filed this appeal.

Sartin's Issue


 In her sole appellate issue, Sartin contends that the trial court erred by dismissing
"claims and causes of action that were submitted for summary judgment by a Defendant in
a reply brief without twenty-one days['] notice to Plaintiff." Rule 166a(c) of the Texas Rules
of Civil Procedure provides as follows, in part:

 The motion for summary judgment shall state the specific grounds therefor. 
Except on leave of court, with notice to opposing counsel, the motion and any
supporting affidavits shall be filed and served at least twenty-one days before
the time specified for hearing. . . . The judgment sought shall be rendered
forthwith if (i) the deposition transcripts, interrogatory answers, and other
discovery responses referenced or set forth in the motion or response, and (ii)
the pleadings, admissions, affidavits, stipulations of the parties, and
authenticated or certified public records, if any, on file at the time of the
hearing, or filed thereafter and before judgment with permission of the court,
show that, except as to the amount of damages, there is no genuine issue as to
any material fact and the moving party is entitled to judgment as a matter of
law on the issues expressly set out in the motion or in an answer or any other
response.


Tex. R. Civ. P. 166a(c). A summary judgment movant may file a supplemental motion for
summary judgment less than twenty-one days before the hearing date "on leave of court, with
notice to opposing counsel[.]" Id.; see also Mowbray v. Avery, 76 S.W.3d 663, 688 (Tex.
App.--Corpus Christi 2002, pet. denied). The record must reflect that any material filed after
the applicable deadline was filed with leave of court. Benchmark Bank v. Crowder, 919
S.W.2d 657, 663 (Tex. 1996). 

 As support for her argument that the trial court erred, Sartin cites Stiles v. Resolution
Trust Corp., 867 S.W.2d 24, 25 (Tex. 1993); Elliott v. Methodist Hosp., 54 S.W.3d 789, 794
(Tex. App.--Houston [1st Dist.] 2001, pet. denied); Guest v. Cochran, 993 S.W.2d 397, 402
(Tex. App.--Houston [14th Dist.] 1999, no pet.); and Sanders v. Capitol Area Council, 930
S.W.2d 905, 911 (Tex. App.--Austin 1996, no pet.). In Stiles, the Supreme Court held that
an appellate court may not consider grounds for summary judgment that were not raised in
the trial court. Stiles, 867 S.W.2d at 26. Elliott involved an amended pleading filed by the
non-movant after the filing of a motion for summary judgment. Elliott, 54 S.W.3d at 793. 
After noting that the movant was required to amend or supplement its motion for summary
judgment to address the non-movant's newly-asserted causes of action, the court held that
the reply brief "was not sufficient to rebut the claims added in the amended pleading." Id.
at 793-94. 

 In Guest, the appellant contended that the appellee's motion for summary judgment
was insufficient because the motion did not address the additional claims raised in
appellant's second amended petition. Guest, 993 S.W.2d at 401. The appellee contended
that his reply to Guest's response addressed the additional causes of action. Id. at 402. The
Guest court noted that "[i]n holding that raising a new ground or cause of action in a reply
brief is not sufficient to comply with Rule 166a(c), those other courts [of appeals] reasoned
that a movant's reply is not a motion expressly presenting an independent cause of action or
ground for summary judgment." Id. at 402-03 (citations omitted). The Guest court then
concluded "that Cochran's attempt to address the claims appellant brought . . . in a reply to
appellant's response, is insufficient to comport with the requirements of Rule 166a(c)." Id.
at 403. 

 In Sanders, the appellant contended the trial court erred in granting summary
judgment on a ground that was presented in a reply to Sanders's response rather than in a
motion for summary judgment. Sanders, 930 S.W.2d at 910-11. In concluding that the trial
court erroneously granted summary judgment on a ground raised for the first time in a
movant's reply to the nonmovant's response, the Sanders court held that "[t]he purpose of
the time requirements in [R]ule 166a(c), to give the nonmovant notice of all claims that may
be summarily disposed of and the specific grounds on which the movant relies, would be
severely undercut if a movant's 'reply' in which new independent grounds were presented
could be treated as an amended motion for summary judgment." Id. at 911. 

 The Texas Supreme Court has held that a motion for summary judgment must "stand
or fall on the grounds expressly presented in the motion." McConnell v. Southside I.S.D.,
858 S.W.2d 337, 338, 341 (Tex. 1993) ("We conclude that grounds for summary judgment
must be expressly presented in the summary judgment motion itself."). Summary judgment
cannot be granted, or affirmed, on grounds not presented in the motion. See Johnson v.
Brewer & Pritchard, P.C., 73 S.W.3d 193, 204 (Tex. 2002); Science Spectrum, Inc. v.
Martinez, 941 S.W.2d 910, 912 (Tex. 1997); Sysco Food Servs. v. Trapnell, 890 S.W.2d 796,
805 (Tex. 1994); Stiles v. Resolution Trust Corp., 867 S.W.2d 24, 26 (Tex. 1993). 

 Defendant addressed the trespass cause of action only in a reply, not in a motion. A
"reply is not a motion" for summary judgment. Guest, 993 S.W.2d at 403; Sanders, 930
S.W.2d at 911. A trial court cannot grant summary judgment on a cause of action addressed
only in movant's reply brief, which in this case was filed the Friday afternoon before the
Monday hearing. See generally Guest, 993 S.W.2d at 402-403; Sanders, 930 S.W.2d at 911. 
The Supreme Court has explained: "Even if the non-movant fails to except or respond, if the
grounds for summary judgment are not expressly presented in the motion for summary
judgment itself, the motion is legally insufficient as a matter of law." McConnell, 858
S.W.2d at 342. The trial court's summary judgment on the trespass claim is reversed, and
the case is remanded for further proceedings consistent with this opinion. (3)

 REVERSED AND REMANDED IN PART; AFFIRMED IN PART.

 ____________________________

 DAVID GAULTNEY

 Justice




Submitted on February 2, 2009

Opinion Delivered April 23, 2009


Before McKeithen, C.J., Gaultney and Kreger, JJ.
1. After the trial court granted Beacon's motion for summary judgment, Sartin filed a
"Motion for New Trial" as to her trespass claim only, and it is the denial of this motion for
new trial that she references in her notice of appeal.
2. Sartin apparently filed a response to Beacon's motion for summary judgment;
however, Sartin's response does not appear in the record before us.
3. We do not decide whether the trespass claim has merit; the error is in the procedure
followed. Appellant does not attack the judgment on her other claims. We reverse the
judgment only as to the trespass claim.