

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-23-00025-CV
_____

ESTATE OF CHARLES EDWARD LONG, DECEASED

On Appeal from the County Court at Law No. 2
Gregg County, Texas
Trial Court No. 2020-0295-E

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

## MEMORANDUM OPINION

We substitute this opinion for our opinion dated June 21, 2023.

Larry Thomas Long, executor of the Estate of Charles Edward Long (Executor), and Larry Thomas Long and Lawrence Allan Long, Individually and as Co-Trustees of the John Stephen Long Trust, the Charles Edward Long Trust, the Lawrence Allan Long Trust, and the Larry Thomas Long Trust, and Lawrence Allan Long, as Trustee of the H.L. Long Trust (Trustees) (collectively, Appellants), appeal the trial court's March 1, 2023, order granting Barbara Zazulak's motion for summary judgment and denying the Trustees' motion for summary judgment (March 1 Order). After reviewing the clerk's record filed in this matter, we noted a potential defect in our jurisdiction over this appeal and gave notice to the Appellants of our intent to dismiss the appeal. Appellants filed responses and contend that the March 1 Order is a final and appealable probate order. Because we conclude that it is not, we dismiss the appeal for want of jurisdiction.

## I.     Background

Charles Edward Long (Decedent) died on January 3, 2020. On August 24, 2020, the trial court admitted Decedent's will dated October 28, 1976 (the Will), to probate. Zazulak filed her first amended petition, alleged that she was the only child of Decedent,[1] and asserted two causes of action: (1) a will contest in which she asserted that the Will was invalid and (2) a declaratory judgment action in which she requested the trial court to declare (a) that the residuary clause of

---

[1]The Will did not identify Zazulak, or any other person, as the child of Decedent. Rather, the Will defined "'child,' 'children,' 'descendant,' [and] 'descendants'" as "both natural children and descendants and those legally adopted into the line of descent."

the Will admitted, i.e., Section IV of the Will, lapsed and (b) that the Decedent's residuary estate passed via intestacy to Zazulak.[2]  Later, Zazulak filed her first amended motion for summary judgment in which she sought a summary judgment that the residuary bequests under the Will, i.e., Section IV of the Will, lapsed, and that Decedent's residuary estate passed by intestacy to Decedent's heirs-at-law.  The Trustees also filed a motion for partial summary judgment and asked for judgment against Zazulak on her declaratory judgment action.

In the March 1 Order, the trial court granted Zazulak's motion for summary judgment, denied the Trustees' summary judgment, and "construe[d] Section IV of [the Will] such that the entire residue of [Decedent]'s estate passe[d] *to his heirs-at-law, to be determined by* [*the trial court*]." (emphasis added).

## II.     This Court Lacks Jurisdiction Over This Appeal

### A.      Applicable Law

"[T]he general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment."  *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001).  "A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record . . . ."  *Id.*  "Probate and guardianship proceedings present 'an exception to the "one final judgment" rule[.]'"  *In re Guardianship of Jones*, 629 S.W.3d 921, 924 (Tex. 2021) (alteration in original) (per curiam) (quoting *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006) (quoting *Lehmann*, 39 S.W.3d at 192)).  "[I]n such cases, multiple judgments final for purposes of appeal can be rendered on certain discrete issues."  *Id.* at 925 (alteration in

---

[2]In the Trustees' live pleadings, they denied those allegations.

original) (quoting *De Ayala*, 193 S.W.3d at 578). "This exception reflects the necessity of reviewing '"controlling, intermediate decisions before an error can harm later phases of the proceeding[.]"'" *Id.* (alteration in original) (quoting *De Ayala*, 193 S.W.3d at 578).

In *Crowson v. Wakeham*, the Texas Supreme Court established the test for finality of a discrete phase of probate and guardianship proceedings. *Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995). The court "explained that an order disposing of all issues and all parties 'in the phase of the proceeding for which it was brought' is final and appealable even when the proceeding remains pending as to other issues." *In re Guardianship of Jones*, 629 S.W.3d at 925 (quoting *Crowson*, 897 S.W.2d at 783). Under both *Lehmann* and *Crowson*, "an order that actually disposes of all issues and parties at the relevant stage of the proceedings is final." *Id.* (citing *Lehmann*, 39 S.W.3d at 205; *Crowson*, 897 S.W.2d at 783). However, in probate and guardianship proceedings, "if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory."[3] *Crowson*, 897 S.W.2d at 783.

## B. The Appellants' Contentions

The Appellants contend that "multiple Texas courts have recognized that an order determining a will's validity or construing a will is a final order for purposes of appeal." Regarding will construction, they rely on two cases. They contend that the Austin Court of

---

[3]*Crowson* also held that, "[i]f there is an express statute, such as the one for the complete heirship judgment, declaring the phase of the probate proceedings to be final and appealable, that statute controls." *Crowson*, 897 S.W.2d at 783. In this case, the Appellants do not contend that there is an express statute that declares the phase relevant to this case to be final and appealable.

4

Appeals in *Sanders v. Capitol Area Council*[4] concluded that a summary judgment order that construed a will to determine whether certain property was estate property or property of a trust was immediately appealable. However, as we have previously noted regarding *Sanders*, "the Austin court avoided making a specific holding on the issue of whether the partial summary judgment was an appealable probate order" and "conclude[d] that [it] had jurisdiction on an entirely different basis." *In re Est. of Davis*, No. 06-07-00033-CV, 2007 WL 2609929, at *4 (Tex. App.—Texarkana Sept. 12, 2007, no pet.) (mem. op.). In *Sanders*, the court noted that the trial court had ordered the case, which involved several causes of action, to proceed in three phases, one of which was "the causes of action seeking declarations construing the trusts and the will." *Sanders*, 930 S.W.2d at 909. Although it noted that the partial summary judgment may have completed the phase of the probate proceedings set out in the trial court's procedural order, it ultimately "assume[d] without deciding that the partial summary judgment challenged [there] was not, itself, an appealable order." *Id.*

The Appellants also rely on *Gordon v. Gordon* in support of their argument that the construction of a will ends a discrete phase of the probate proceedings. *Gordon v. Gordon*, No. 11-14-00086-CV, 2016 WL 1274076 (Tex. App.—Eastland Mar. 31, 2016, pet. denied) (mem. op.). In that case, a dispute arose between the executor of the estate of Patrick Gordon and Patrick's widow, Beverly Gordon, over certain property that Patrick and Beverly had placed in their revocable trust before Patrick's death. *Id.* at *2. The executor filed a declaratory judgment action and asserted that the property belonged to Patrick's estate. Beverly responded

---

[4]*Sanders v. Cap. Area Council*, 930 S.W.2d 905 (Tex. App.—Austin 1996, no writ).

with a motion for summary judgment and argued that Patrick's interest in the trust became irrevocable on his death.[5]  The executor argued that a joint will executed by Patrick and Beverly, which contained a clause that read, "This Will shall override any prior allocations described in trust document," revoked the trust.  *Id.*  The trial court granted Beverly's motion for summary judgment, held that the testamentary clause had no effect after Patrick's death, and concluded that the joint will did not revoke the trust and that the property was an asset of the trust, not Patrick's estate.  *Id.*  On appeal, the Eastland court held that it had jurisdiction over the appeal of the trial court's order because "[t]he trial court's order *completely* disposed of the issue regarding the effect of the joint will on the status of the Trust."  *Id.* (emphasis added) (citing *De Ayala*, 193 S.W.3d at 578).  In other words, the trial court's order disposed of every issue raised by the executor's declaratory judgment action against Beverly.  As a result, it "actually dispose[d] of all issues and parties at the relevant stage of the proceedings."  *In re Guardianship of Jones*, 629 S.W.3d at 925.

### C. Analysis

The Appellants also briefly discuss *In re Estate of Rhoades* in support of their contention. *In re Est. of Rhoades*, No. 02-15-00081-CV, 2015 WL 3658065 (Tex. App.—Fort Worth June 11, 2015, no pet.) (mem. op.).  Nevertheless, the holding in that case is contrary to the Appellants' contention.  In that case, Glenda Rhoades's heirs-at-law filed a declaratory judgment action and sought a declaration that Rhoades's estate passed to them under the residuary clause of her will because the bequests made to Rhoades's father failed.  The heirs-at-law also asked for

---

[5]The trust agreement provided that upon the death of either Patrick or Beverly, "the Trust became irrevocable as to the deceased settlor."  *Gordon*, 2016 WL 1274076, at *1.

the recovery of their attorney fees. *Id.* at *1. Kinler, who was a contingent beneficiary under Rhoades's will, also filed a declaratory judgment action and sought a declaration that, since Rhoades's father predeceased her, the entire estate passed to Kinler. Kinler also asked for the recovery of her attorney fees. Both parties filed motions for summary judgment on their respective will construction claims, but Kinler did not ask for summary judgment on her claim for attorney fees. *Id.* The trial court granted Kinler's motion for summary judgment and denied the heirs-at-law's motion. *Id.* at *2. The heirs-at-law appealed. *Id.*

On appeal, the Fort Worth court considered "whether the order disposed of all issues in the phase of the proceeding for which it was brought." *Id.* It noted that "[t]he relevant and discrete portion of the probate proceeding presented through the parties' declaratory-judgment petitions and competing motions for summary judgment was a determination of the effect of the failure of Rhoades's devise to her father." *Id.* It also characterized this "discrete phase" as "the construction of the will." *Id.* (citing *Sanders*, 930 S.W.2d at 909–10). The court reasoned that "if the trial court's order disposed of all issues implicated in that phase of the proceeding, it was final for purposes of appeal even though other probate issues unrelated to the construction of the will remained pending." *Id.* However, in dismissing the appeal for want of jurisdiction, the court held that "Kinler's outstanding claim for attorney's fees render[ed] the trial court's summary-judgment order not final for purposes of appeal." *Id.* (citing *Haluska v. HaluskaRausch*, No. 03-11-00312-CV, 2012 WL 254639, at *2 (Tex. App.—Austin Jan. 24, 2012, no pet.) (mem. op.); *In re Est. of Willett*, 211 S.W.3d 364, 367 (Tex. App.—San Antonio 2006, no pet.); *Villarreal v. Zukowsky*, 54 S.W.3d 926, 929–30 (Tex. App.—Corpus Christi–

7

Edinburg 2001, no pet.)).  In other words, because there were outstanding issues in Kinler's declaratory judgment action that sought construction of the will and that were not addressed in the summary judgment order, the order had not disposed of all issues implicated in that phase of the proceeding and was not final for purposes of appeal.[6]  *See also In re Est. of Silverman*, No. 14-17-00891-CV, 2018 WL 344109 (Tex. App.—Houston [14th Dist.] Jan. 9, 2018, no pet.) (per curiam) (mem. op.) (holding that summary judgment on declaratory judgment that sought construction of will and attorney fees that only addressed construction of will did not dispose of all issues in a particular phase of probate proceedings); *In re Est. of Willett*, 211 S.W.3d 364, 367 (Tex. App.—San Antonio 2006, no pet.) (holding that partial summary judgment order that construed will, but did not address other issues in petition, did not dispose of all issues and was not appealable); *Villarreal v. Zukowsky*, 54 S.W.3d 926, 929–30 (Tex. App.—Corpus Christi–Edinburg 2001, no pet.) (same).

Similar to *In re Estate of Rhoades*, the relevant and discrete portion of the probate proceeding presented through Zazulak's declaratory judgment action and motion for summary judgment was a determination of the effect of the failure of the residuary clause of the Will.  In

---

[6]The Appellants also cite *Kongs v. Harmon* in support of their contention that the inclusion of an additional claim in a petition that also seeks a construction of the will does not prevent a summary judgment on the will construction claim from being final and appealable.  *Kongs v. Harmon*, No. 03-97-00444-CV, 1998 WL 394177 (Tex. App.—Austin July 16, 1998, pet. denied).  However, in *Kongs*, the decedent's son, Eric, filed a petition that challenged the validity of the decedent's will and sought to set aside the probate court's order admitting her will to probate and issuing letters testamentary to his aunt, Bonnie.  In an amended pleading, Eric added a claim against Bonnie for breaching her fiduciary duties while she was acting as the decedent's guardian based on Bonnie's changing the beneficiary on a death benefit from Eric to the decedent's estate.  *Id.* at *1.  On appeal, the court of appeals held that the trial court's order determining the validity of the will concluded a particular phase of the estate and held that Eric's claim regarding the death benefit did not affect the appealability of the order.  *Id.* at *2.  The court went on to note that "Eric's assertion that Bonnie wrongfully changed the beneficiary of the death benefit forms a distinct legal claim arising from a set of circumstances separate from his challenge to the will."  *Id.*  In contrast, Zazulak's request in her declaratory judgment action that the trial court declare that the Decedent's residuary estate passed by intestacy to her is directly based on her request that the trial court determine that the residuary clause of the Will lapsed.

8

her declaratory judgment action, Zazulak sought both a declaration that the residuary clause of the Will lapsed and that the Decedent's residuary estate passed via intestacy to her. The March 1 Order determined that the residuary clause lapsed, but it did not determine that Zazulak was the Decedent's sole heir-at-law or that the residuary estate passed to her. Because the March 1 Order does not dispose of all parties and issues at this stage of the proceeding, it is not a final, appealable order. *See In re Guardianship of Jones*, 629 S.W.3d at 925. As a result, we do not have jurisdiction over this appeal.

**III.    Conclusion**

Because we find that the March 1 Order was not final and appealable, we are without jurisdiction over this appeal. As a result, we dismiss the appeal for want of jurisdiction.

Scott E. Stevens
Chief Justice

Date Submitted:      June 20, 2023
Date Decided:        June 29, 2023