**WESTCHESTER FIRE INSURANCE COMPANY, Petitioner,**

v.

**Esperanza ALVAREZ et al., Respondents.**

**No. B–7517.**

Supreme Court of Texas.

Oct. 25, 1978.

Groce, Locke & Hebdon, Thomas H. Crofts, Jr. and Damon Ball, San Antonio, for petitioner.

Pepos S. Dounson, San Antonio, for respondents.

DENTON, Justice.

The question in this case is whether the specificity requirement in Texas Rules of Civil Procedure 166–A(c) is waived by failure to except to the motion for summary judgment prior to rendition of judgment.

The trial court granted defendant, Westchester Fire Insurance Company, a summary judgment which ordered that plaintiff, Esperanza Alvarez, take nothing and that Westchester Fire Insurance Company take the $10,000 deposited in the registry of the court. The court of civil appeals held that the motion for summary judgment did not state the specific grounds for such judgment. It reversed the trial court judgment and remanded the cause to the trial court. 562 S.W.2d 263. We reverse the judgment of the court of civil appeals and affirm the judgment of the trial court.

Mrs. Esperanza Alvarez's husband was killed in an automobile accident on October 25, 1973, while in the scope and course of his employment for Charles Carroll Company. Carroll Company was insured for workers' compensation by Westchester Fire Insurance Company, which began paying to Mrs. Alvarez the maximum weekly benefit payable under workers' compensation law within seven days of the accident. Mrs. Alvarez and her children then filed a wrongful death suit against Virginia Howard Williams, the owner and operator of the automobile involved in Mr. Alvarez's death. This suit, in which Westchester Fire Insurance Company intervened, was settled for $10,000 by an agreed judgment on January 15, 1976. The funds were paid by a check payable jointly to Mrs. Alvarez, her children, their attorney, Westchester Fire Insurance Company and its agent.

Mrs. Alvarez brought suit against Westchester Fire Insurance Company for $3,500 of the $10,000. Westchester Fire Insurance Company filed a motion for summary judgment. The record and the affidavits attached to the motion undisputedly establish that Westchester Fire Insurance Company had paid Mrs. Alvarez more than $10,000 in workers' compensation benefits and was therefore subrogated to the rights of Mrs. Alvarez in the $10,000 check under Article 8307 § 6,[1] but the motion did not specifically state this ground or any other ground for judgment as required by Rule 166–A(c). Mrs. Alvarez did not point out this defect in her response to the motion for summary judgment nor did she except to the failure of Westchester Fire Insurance Company to state specific grounds for summary judgment. She raised the objection for the first time in her brief submitted in the court of civil appeals.

Rule 166–A(c) states that "the motion for summary judgment shall state the specific grounds therefor." The purpose of this requirement is to provide the opposing party with adequate information for opposing the motion, and to define the issues for the purpose of summary judgment. In this respect, the specificity requirement in Rule

---

1. Statutory references are to Vernon's Texas Civil Statutes Annotated. Reference to rules are to the Texas Rules of Civil Procedure.

166–A(c) parallels the pleading requirements of Rule 45(b) and Rule 47(a). Although Rule 90 does not specifically refer to summary judgment pleadings, the same considerations apply. Just as defects in pleadings are waived unless specifically pointed out by motion or exception in writing before the charge to the jury or rendition of judgment, we hold that the failure of a motion for summary judgment to specify grounds is a defect of form that is waived unless excepted to prior to rendition of judgment. The *Life Insurance Company of Virginia v. Gar-Dal, Inc., et. al.,* 570 S.W.2d 378 (Tex.1978); *Jones v. McSpedden,* 560 S.W.2d 177 (Tex.Civ.App.—Dallas 1977, no writ); *Spray v. Stash,* 523 S.W.2d 262 (Tex.Civ.App.—Eastland 1975, writ ref'd n. r. e.).

The judgment of the court of civil appeals is reversed and the judgment of the trial court is affirmed.