**PRIVATE MINI STORAGE REALTY, L.P., GJR Management Holdings, L.P., and Storage Realty, L.L.C., Appellants,**

v.

**LARRY F. SMITH, INC., Appellee.**

No. 05–08–01043–CV.

Court of Appeals of Texas, Dallas.

Feb. 1, 2010.

Diane M. Guariglia, Gregory Michael Cokinos, Cokinos Bosien & Young, Houston, TX, for Appellants.

Anthony A. Petrocchi, Weil & Petrocchi, P.C., Dallas, TX, for Appellee.

Before Justices FITZGERALD, MURPHY, and MYERS.

## OPINION

Opinion By Justice MYERS.

Private Mini Storage Realty, L.P., GJR Management Holdings, L.P., and Storage Realty, L.L.C. appeal the grant of Larry F. Smith, Inc.'s motion for summary judgment as to appellants' liability and the award of damages and attorney's fees to Smith following a trial before the court.

Appellants bring four issues asserting the trial court erred in granting Smith's motion for summary judgment, the evidence is legally and factually insufficient to support the award of damages, and the court erred in awarding Smith its attorney's fees. We affirm the trial court's judgment.

## BACKGROUND

In 1999, appellants had a storage facility built on their property. Raus Construction Company was the general contractor for the project, and Raus hired Smith as a subcontractor to perform the concrete work. Smith submitted invoices to Raus for about $593,000. Pursuant to the subcontract between Raus and Smith, when Raus paid the invoices, Raus retained ten percent of the amount. Raus did not pay Smith any part of approximately $18,000 that Smith invoiced.

On November 12, 1999, Smith sent appellants a notice stating it was owed $74,400.21 consisting of $16,784.10 for unpaid work and $57,616.11 for the retained funds. Smith requested that appellants retain the money they would otherwise have paid to Raus, and Smith demanded that appellants pay Smith the amount it was owed. On December 14, 1999, Smith notified appellants it had filed a mechanic's lien affidavit for $18,649 for unpaid labor and materials. As required by statute, appellants retained ten percent or $321,849 of the contract amount owed to Raus, but they never paid any of that to Smith.

On December 31, 2001, Smith filed suit against appellants. In its petition, Smith alleged quantum meruit, a statutory claim under section 53.084 of the Texas Property Code, and a claim for foreclosure of its mechanic's lien. Smith and appellants filed cross-motions for summary judgment on the issue of appellants' liability to Smith. Smith asserted in its motion for summary judgment that appellants were also liable under section 53.083(b) of the property code.[1]

Subchapter E of the property code requires an owner to retain ten percent of the funds to be paid to a general contractor to secure payment to "artisans and mechanics" who were not paid by the general contractor. When the time expires for filing a claim on these retained funds, the owner pays the retainage to the general contractor. See TEX. PROP.CODE ANN. §§ 53.101–.107 (Vernon 2008). Subchapter D permits an owner to retain additional amounts due to the contractor upon the request of a subcontractor when the contractor fails to pay the subcontractor as required during the performance of the contract. See id. §§ 53.081–.085. Under section 53.084, the owner will be personally liable for any amounts paid to the contractor after receiving the proper notice under the statute if the subcontractor's lien has been secured and its claim reduced to judgment. See id. § 53.084. Section 53.083 permits a subcontractor to demand payment from an owner who was authorized to retain funds under subchapter D. The subcontractor must send a copy of the demand to the general contractor, who then has thirty days to notify the owner of the general contractor's intent to dispute the subcontractor's claim. If the general contractor does not give timely notice of intent to dispute the claim, "he is considered to have assented to the demand and

---

1. In their response to Smith's motion for summary judgment, appellants argued that Smith had not met the requirements for recovery under section 53.083(b), but they did not assert Smith's failure to plead that provision. Nor do they present such an argument on appeal. Accordingly, we conclude the issue was tried by consent. See Roark v. Stallworth Oil & Gas, Inc., 813 S.W.2d 492, 495 (Tex.1991).

the owner shall pay the claim." *Id.* § 53.083(b). Smith asserted in its motion for summary judgment that appellants were required to pay the claim under section 53.083(b) because it gave notice to Raus, and Raus did not notify appellants within thirty days of an intent to dispute Smith's claim.

In their motion for summary judgment and responses to Smith's motion for summary judgment, appellants asserted:

(1) Smith failed to meet the requirements for quantum meruit because there was a contract for the labor and materials provided.

(2) Smith's lien claim fails because

(a) there was no lien for the ten percent contractually retained on the paid work;

(b) Smith did not give proper notice under sections 53.056 and .057 of the property code because the notice and lien affidavit were sent to appellants' former address;

(c) appellants filed a bond under property code section 53.171 to discharge the lien; and

(d) Smith's lien claim was barred by limitations.

(3) Smith failed to prove its claim under section 53.084 because

(a) Smith had not reduced its claim to judgment;

(b) Smith did not give timely notice because the notice was sent to appellants' former address; and

(c) appellants did not pay Raus after receiving notice of Smith's lien.

(4) Smith failed to prove its claim under section 53.083 because

(a) evidence showed Raus disputed Smith's claim even though Raus did not give the notice of dispute set forth in section 53.083(b);

(b) appellants did not receive the notice of the lien as required;

(c) Smith's claim had not been reduced to final judgment; and

(d) Smith's claim under section 53.083 was premature in that it had not accrued when Smith demanded payment under section 53.083 because the work on the project had not been completed.

On January 24, 2007, the trial court denied appellants' motion for summary judgment and granted Smith's, ruling that Smith established appellants' liability as a matter of law under its mechanic's and materialman's lien for unpaid work and on its claim for the funds Raus had retained pursuant to the subcontract. The trial court ordered the case set for trial to determine the amount, if any, of damages Smith was entitled to recover.

On May 21, 2007, while the trial was pending, appellants filed a motion for rehearing of the cross-motions for summary judgment presenting new arguments and new evidence on the issues determined in the trial court's ruling on the motions for summary judgment. The trial court did not sign an order on the motion for rehearing.

In the trial before the court on damages, Smith's president, Larry Smith, testified the total amount the company was owed for the project was $593,323.38 and that it was paid $513,331.63, leaving $79,991.75 it was still owed. The trial court's judgment awarded Smith actual damages of $79,991.75, ordered that Smith was entitled to foreclosure of its mechanic's and materialman's lien, and awarded Smith attorney's fees.

## SUMMARY JUDGMENT

In their first and second issues, appellants assert the trial court erred in grant-

ing Smith's motion for summary judgment. Smith moved for summary judgment under rule of civil procedure 166a(c). The standard for reviewing a summary judgment is well established. *See Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). A party moving for summary judgment has the burden of showing no genuine issue of material fact exists and it is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex. 1972). After the movant has established a right to summary judgment, the burden shifts to the nonmovant to present evidence creating a fact issue. *DeLaney v. Assured Self Storage,* 272 S.W.3d 837, 838 (Tex.App.-Dallas 2008, no pet.); *Kang v. Hyundai Corp.,* 992 S.W.2d 499, 501 (Tex. App.-Dallas 1999, no pet.).

██ All issues to be considered by the trial court in determining the motion for summary judgment must be presented in the motion or in an answer or other response to the motion. *See* Tex.R. Civ. P. 166a(c); *McConnell v. Southside Indep. Sch. Dist.,* 858 S.W.2d 337, 340, 343 (Tex. 1993).

On appeal, appellants bring four arguments for why Smith was not entitled to summary judgment on the issue of appellants' liability on the claims under sections 53.083 and .084:

(a) section 53.083 does not create an independent cause of action against an owner;

(b) Smith had to file, but failed to file, an affidavit in support of a mechanic's lien including the retained funds to recover those funds;

(c) Smith's demand for payment of the retained funds was premature; and

(d) requiring an owner to pay a subcontractor for defective work when the contractor did not timely object to the payment is contrary to the purpose of the lien statutes.

Appellants bring three arguments for why Smith was not entitled to summary judgment on its claim for unpaid work:

(e) the invoices attached to Smith's statutory demand letter are different from those attached to Smith's lien affidavit, so appellants did not receive proper notice under chapter 53 of the property code;

(f) the lien affidavit did not meet the requirements of section 53.054 because the affidavit did not reference the months in which work was performed and did not state each month in which Smith furnished unpaid work;

(g) the notice letters did not comply with the requirements of section 53.056 because section 53.056 required Smith to give notice not later than the fifteenth day of the third month following each month in which the work was performed and Smith's notice letters do not state when the unpaid work was performed; therefore, Smith cannot prove its notices were timely.

Except for (c), none of these arguments were presented to the trial court in appellants' motion for summary judgment or in their response to Smith's motion for partial summary judgment. These arguments were first presented to the trial court in appellants' motion for rehearing of the motions for summary judgment, filed almost five months after the court ruled on the motions for summary judgment.

██ In their reply brief on appeal, appellants assert for the first time they are appealing the trial court's denial of their motion for rehearing. However, appellants' brief on appeal makes clear they are appealing the rulings on the motion for summary judgment. Appellants' brief

never alleges any error in the denial of the motion for rehearing; the brief does not mention the motion for rehearing. Appellants argued in their reply brief that they "are seeking reversal for the trial court's order granting partial summary judgment in favor of [Smith] and denying [appellants'] cross-motion for summary judgment, which necessarily includes the denial of any requests for the court to reconsider its ruling during the period of the court's plenary power." We disagree. The ruling on a motion for summary judgment is a question of law reviewed de novo. Appellants' motion for rehearing presenting new arguments and evidence was, essentially, a request to supplement their previously denied motion for summary judgment and response to Smith's motion for summary judgment. Such a request to supplement outside the prescribed times is a matter within the discretion of the trial court that will not be overturned on appeal absent a showing of abuse of discretion. *See* TEX.R. CIV. P. 166a(c) ("[e]xcept on leave of court" motion for summary judgment must be filed at least twenty-one days before the hearing, and any response filed not later than seven days before the hearing); *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 685 (Tex.2002); *El Dorado Motors, Inc. v. Koch*, 168 S.W.3d 360, 369 (Tex.App.-Dallas 2005, no pet.). Appellants present no argument asserting the trial court abused its discretion in not permitting such a supplementation.

■ Appellants' argument in its reply brief that the court erred in not granting its motion for rehearing of the motions for summary judgment raised a new issue. A party may not raise a new issue in a reply brief. *Myan Mgmt. Group, L.L.C. v. Adam Sparks Family Revocable Trust*, 292 S.W.3d 750, 754 n. 1 (Tex.App.-Dallas 2009, no pet.); *Dallas County v. Gonzales*, 183 S.W.3d 94, 104 (Tex.App.-Dallas 2006,

pet. denied). Accordingly, these arguments are not properly before us. *See Gonzales*, 183 S.W.3d at 104.

■ Appellants' argument (c), the timeliness of their statutory cause of action, was raised in a written answer or other response to Smith's motion for summary judgment. Appellants argue that section 53.083(a) required Smith to give notice of its claim for retained funds after "the claim accrued under Section 53.053," and that the claim did not accrue until the completion of the project. *See* TEX. PROP. CODE ANN. §§ 53.053(e), .083(a) (Vernon 2007). Appellants assert the work was not completed until April 2000, so Smith's demand for the retained funds in November 1999 was before the claim accrued and was not timely under section 53.083(a). Section 53.083(a) provides,

(a) The claimant may make written demand for payment of the claim to an owner authorized to withhold funds under this subchapter. The demand must give notice to the owner that all or part of the claim has accrued under Section 53.053 *or is past due according to the agreement between the parties.*

*Id.* § 53.053(a) (emphasis added). In this case, Smith's November 12, 1999 "written demand for payment of the claim" stated,

Claimant has not been paid the amounts due to it for the months of *August 1999, September 1999, October 1999 and November 1999* in the aggregate amount of *$74,400.21*, as shown by the invoice(s) attached to this letter and herein incorporated by reference.... Please consider this a demand for payment of the aforementioned unpaid balance, which is an accrued obligation or is past due under the terms of our subcontract with your original contractor.

This demand gave notice that "all or part of the claim ... is past due according to the agreement between the parties."

Thus, the demand complied with section 53.083(a).

We conclude appellants have not shown the trial court erred in granting Smith's motion for summary judgment. We overrule appellants' first and second issues.

## SUFFICIENCY OF THE EVIDENCE

In their third issue, appellants assert the evidence is legally and factually insufficient to support the award of damages. The trial court awarded Smith actual damages of $79,991.75. The court did not state what amount was for the claim for unpaid work and what amount was for the retained funds. Appellants did not request, and the trial court did not make, findings of fact and conclusions of law.

■■ When findings of fact are neither filed nor requested, we imply all necessary findings of fact to support the trial court's judgment. *Holt Atherton Indus., Inc. v. Heine,* 835 S.W.2d 80, 83 (Tex.1992); *Sparks v. Booth,* 232 S.W.3d 853, 862 (Tex. App.-Dallas 2007, no pet.). When, as in this case, the appellate record includes the reporter's record, the implied findings are not conclusive but may be challenged for legal and factual sufficiency on appeal the same as jury findings or a trial court's findings of fact. *Holt Atherton Indus., Inc.,* 835 S.W.2d at 83; *Johnson v. Oliver,* 250 S.W.3d 182, 186 (Tex.App.-Dallas 2008, no pet.). An appellant challenging the legal sufficiency of the evidence of an issue on which it did not have the burden of proof must demonstrate there is no evidence to support the adverse finding. *Croucher v. Croucher,* 660 S.W.2d 55, 58 (Tex.1983); *Smith v. KNC Optical, Inc.,* 296 S.W.3d 807, 811 (Tex.App.-Dallas 2009, no pet.). We credit evidence favorable to the adverse finding if a reasonable fact finder could do so, and we disregard all contrary evidence unless a reasonable fact finder could not do so. *City of Keller v.*

*Wilson,* 168 S.W.3d 802, 822 (Tex.2005). The evidence is legally sufficient if it would enable reasonable and fair-minded people to reach the verdict under review. *Id.* at 827. When reviewing the factual sufficiency of the evidence, we consider and weigh all of the evidence. *See Pool v. Ford Motor Co.,* 715 S.W.2d 629, 635 (Tex.1986). We may set aside a verdict only if the evidence is so weak or if the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *Id.*

In reviewing both the legal and factual sufficiency of the evidence, we are mindful that the trial court, as fact finder, was the sole judge of the credibility of the witnesses and the weight to be given their testimony. *See City of Keller,* 168 S.W.3d at 819; *G.M. Houser, Inc. v. Rodgers,* 204 S.W.3d 836, 841 (Tex.App.-Dallas 2006, no pet.). We may not substitute our judgment for the fact finder's, even if we would reach a different answer on the evidence. *See Maritime Overseas Corp. v. Ellis,* 971 S.W.2d 402, 407 (Tex.1998).

■ Appellants argue the evidence was insufficient to support the award of damages because "the uncontroverted evidence demonstrated [Smith's] work was defective and the cost to repair exceeded the amount [Smith] was awarded." Appellants presented the testimony of an engineer, who testified Smith's work was defective. Appellants' president, Doug Mulvaney, testified it would cost about $250,000 to repair all of Smith's defective work. Smith presented the testimony of its president, Larry Smith, an engineer, who testified that Smith's work was not defective. Thus, contrary to appellants' assertion, the evidence of the defectiveness of Smith's work was controverted, and there was some evidence to support the implied finding that the work was not defective. We also conclude the evidence was not so weak and

the implied finding was not so against the great weight and preponderance of the evidence that the implied finding was clearly wrong and unjust.

Appellants also argue the evidence was legally and factually insufficient to support any award of damages. Larry Smith testified the total amount Smith was owed for the project was $593,323.38 and that it was paid $513,331.63. Subtracting the amount paid from the amount owed leaves $79,991.75, which is the amount the trial court awarded. Larry Smith's testimony constitutes some evidence in support of the damages awarded.

Appellants argue the evidence is insufficient to support the award of damages because of inconsistencies between different invoices submitted for the retained funds and for the unpaid work. However, Larry Smith's testimony supported the trial court's award of damages, and as the amount awarded was the exact amount the testimony showed was outstanding, the amount awarded was not against the great weight and preponderance of the evidence. The differing amounts in the invoices and Larry Smith's testimony created conflicts that the trial court, as the finder of fact, resolved.

We conclude the evidence is legally and factually sufficient to support the trial court's award of damages. We overrule appellants' third issue.

## ATTORNEY'S FEES

In their fourth issue, appellants assert the trial court erred in awarding Smith its attorney's fees. Appellants' argument on this issue is contingent upon our finding error under the other issues. Because we have overruled appellants' other issues, appellants' argument that Smith is not entitled to attorney's fees lacks merit. We overrule appellants' fourth issue.

## CONCLUSION

We affirm the trial court's judgment.