**Terry Ray JAMES, Appellant**

v.

**Lupe VALDEZ, et al., Appellee.**

**No. 05–11–01506–CV.**

Court of Appeals of Texas, Dallas.

Aug. 29, 2012.

---

Terry Ray James, Dallas, TX, for Appellant.

Jana Prigmore Ferguson, Assistant District Attorney, Craig Watkins, Dallas County District Attorney, Dallas, TX, for Appellee.

Before Justices MORRIS, MOSELEY, and MYERS.

## OPINION

Opinion By Justice MORRIS.

This is an appeal from the trial court's order dismissing Terry Ray James's lawsuit for the alleged deprivation of his rights under the Texas and U.S. constitutions. Representing himself without an attorney, James complains that the trial court abused its discretion in (1) permitting appellee Lupe Valdez's untimely objection to mediation, (2) dismissing the Dallas County Sheriff's Office from the lawsuit after James dismissed Valdez as a defendant, and (3) not construing James's pleadings liberally. For the reasons that follow, we affirm the trial court's dismissal order.

### I.

Lupe Valdez is the Sheriff of Dallas County. James filed his original petition against Valdez and the Dallas County Sheriff's Department on March 4, 2011.[1] In the petition, James alleged that he was falsely accused of family violence assault and booked into the Dallas County Jail. He further alleged that while an inmate at the Dallas County Jail from December 16, 2010 to January 4, 2011, he was denied access to the law library and never received confirmation of the receipt of certain legal mail he sent by certified mail, return receipt requested, to the 283rd Judicial District Court. He also alleged that he never received a reply to an inmate

---

1. James requested service of the petition on Texas Attorney General Greg Abbott.

grievance he wrote to Valdez complaining about being denied access to the law library. In his prayer for relief, James requested "a court appointed monitor to observe defendants [sic] clear violations of there [sic] own rule and regulations, as it comes to access to the law library, outgoing legal mail and grievance response, and to force them to cease and desist from violating clearly established Texas Constitutional and Federal Constitutional Rights."

On August 3, 2011, James filed "Plaintiff's First Amended Suit for Deprivation of Rights." The style of the amended pleading was *"TERRY RAY JAMES v. LUPE VALDEZ, et al.,"* and requested service on Valdez only.[2] There were no defendants other than Valdez named in the amended petition, and the factual allegations and relief requested were substantively similar to the original petition. Valdez filed a motion to dismiss James's lawsuit under section 101.106(f) of the Texas Civil Practice and Remedies Code unless he amended his petition to name Dallas County as the defendant and dismissed Valdez from the suit. James filed a motion to dismiss Valdez as a defendant, and the trial court signed an order to that effect on September 26, 2010.[3] James never amended his first amended petition to name Dallas County as a defendant. On October 6, 2011 Valdez filed her objection to court-ordered mediation. After a hearing on October 24, 2011 the trial court signed an "Order On Objection To Mediation."[4] On October 25, 2011, the trial court signed an order dismissing James's lawsuit. This appeal ensued.

## II.

■ In his first issue, James complains about the trial court allowing Valdez's allegedly untimely objection to court-ordered mediation. The trial court's dismissal order was in no way related to the objection to mediation. And James has provided no discussion, analysis, or authority with respect to how the alleged error caused rendition of an improper judgment. No judgment may be reversed on appeal on the ground that the trial court made an error of law unless such error probably caused rendition of an improper judgment. *See* Tex.R.App. P. 44.1(a)(1). Because James has failed to demonstrate any reversible error in connection with this complaint, we resolve his first issue against him.

■ In his second and third issues, James challenges the trial court's dismissal of his lawsuit after he agreed to the dismissal of Valdez and asserts his action was arbitrarily dismissed because his pleadings, when liberally construed, allege a viable cause of action. He further contends that he sought to sue the Dallas County Sheriff's Office after Valdez was dismissed from the suit. After reviewing the record and the applicable legal authority, we conclude James's arguments are without merit.

James's live pleading at the time of the trial court's dismissal was "Plaintiff's First Amended Suit for Deprivation of Rights." This pleading named and requested service on Lupe Valdez as the only defendant in the lawsuit. Valdez moved for dismissal based on section 101.106(f) of the Texas Civil Practice and Remedies Code. Tex.

---

**2.** James apparently amended his petition to have citation served on Valdez after a motion to quash was filed by the attorney general.

**3.** This order was entitled "Order Granting Defendant, Lupe Valdez, Sheriff of Dallas

County's Unopposed First Amended Motion To Dismiss."

**4.** The order did not indicate whether the trial court granted or denied Valdez's objection.

Civ. Prac. & Rem.Code Ann. § 101.106(f) (West 2011). In relevant part, that section allows a governmental employee who has been sued based on conduct within the scope of her employment to move for dismissal from the suit if the suit could have been brought under the Tort Claims Act against the governmental unit. *Id.* The suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the thirtieth day after the date the motion was filed. *Id.* In the case before us, it is undisputed that James did not file an amended petition naming any governmental unit as a defendant within thirty days from the date Valdez filed her motion. Accordingly, the trial court did not err in dismissing James's lawsuit.

In his reply brief, James contends for the first time that his "et al" designation in the style of his live pleading should be construed as naming Dallas County as a defendant. We note that a party may not raise a new issue in a reply brief. *Private Mini Storage Realty, L.P. v. Larry F. Smith, Inc.,* 304 S.W.3d 854, 859 (Tex. App.-Dallas 2010, no pet.). Consequently, this argument is not properly before us for consideration. *Id.* Moreover, even if we were to consider the argument, James has provided no authority, and we have found none, to support his position.

Having concluded that James has failed to establish any reversible error with respect to his complaints, we affirm the trial court's dismissal order.

