**REVERSE and REMAND; and Opinion Filed June 17, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00660-CV

**STEPHEN CHU, DDS, MSD, PA D/B/A SMILE AGAIN ORTHODONTICS, Appellant**

**V.**

**HENRY SCHEIN, Appellee**

**On Appeal from the 68th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-12-12496-C**

## MEMORANDUM OPINION

Before Justices Moseley, O'Neill, and FitzGerald
Opinion by Justice O'Neill

Appellant Stephen Chu, DDS, MSD, PA d/b/a Smile Again Orthodontics appeals the summary judgment granted in favor of appellee Henry Schein. In three issues, appellant argues the trial court erred because (1) appellee offered no proof of a contract between the parties; (2) appellee failed to bring forth evidence to support a sworn account; and (3) the trial court erred by granting summary judgment based upon withdrawn deemed admissions. We reverse and remand for further proceedings.

### Background

Appellant ordered several shipments of dental supplies and equipment from appellee in the summer of 2011. Appellee shipped the order to appellant's business address and billed account number 156587, identified as "Stephen Chu, DDS." Appellant accepted the shipment but refused to pay the balance due.

Appellee filed suit against Stephen Chu, DDS, individually, and appellant Stephen Chu, DDS, MSD, PA d/b/a Smile Again Orthodontics alleging sworn account, breach of contract, and quantum meruit. Both defendants filed verified denials. Stephen Chu, DDS, individually, filed for bankruptcy and was later nonsuited from the case. Appellee proceeded to seek judgment against the entity Stephen Chu, DDS, MSD, PA d/b/a Smile Again Orthodontics.

Appellee filed a motion for summary judgment against Stephen Chu, DDS, MSD, PA d/b/a Smile Again Orthodontics. Appellee argued he conclusively proved the essential elements of his breach of contract claim and was therefore entitled to $17,391.12 in damages. Appellee attached to his motion the affidavit of Christopher Aguilar with business records, the affidavit of his attorney, and his first set of interrogatories and request for admissions. Appellant filed a response arguing summary judgment was inappropriate because the only evidence attached to the motion referenced Stephen Chu, DDS, and appellant presented no evidence supporting his claim against Stephen Chu, DDS, MSD, PA d/b/a Smile Again Orthodontics.

The trial court granted summary judgment in favor of appellee on March 18, 2013 and awarded $17,391.12 in damages and $6,250.00 in attorney's fees. This appeal followed.

**Discussion**

To succeed on a traditional motion for summary judgment, the movant must establish there are no genuine issues of material fact, and he is entitled to judgment as a matter of law. *W. Inv., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005). In reviewing a summary judgment, we consider the evidence in the light most favorable to the nonmovant and resolve any doubt in its favor. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985).

To establish a breach of contract claim, appellee needed to prove (1) the existence of a valid contract; (2) performance by plaintiff; (3) breach of the contract by defendant; and (4)

damages sustained by plaintiff as a result of defendant's breach. *Henning v. OneWest Bank FSB*, 405 S.W.3d 950, 969 (Tex. App.—Dallas 2013, no pet.).

Both parties agree that "a contract for sale of goods may be made in any manner sufficient to show agreement, including conduct by both parties which recognizes the existence of such a contract." TEX. BUS. & COM. CODE ANN. § 2.204(a) (West 2009). Or, alternatively, under the Texas Business and Commercial Code, a buyer's purchase order is construed as the buyer's invitation to the seller to accept its offer by shipping conforming goods, which results in the formation of a contract. *Id*. § 2.206(a)(2) (West 2009).

In support of appellee's argument that a contract existed between the parties, appellee relied on a series of invoices which included "a unique purchase order number and an order date." All of the attached invoices were addressed to "Stephen Chu DDS." The "SHIP TO/SOLD TO:" and "BILL TO:" listed the buyer as "Stephen Chu, DDS." None of the invoices were addressed to "Stephen Chu, DDS, MSD, PA d/b/a Smile Again Orthodontics."

The only document referencing appellant was a copy of a check attached to a "Payment Summary Inquiry." The check was from "Stephen Chu DDS MSD, P.A." to appellee for $15,153.40 and dated October 9, 2009, which was over two years before the invoices subject to the current suit and three years before appellee filed his breach of contract claim against appellant. However, despite the check, the "Payment Summary Inquiry" still identified customer number 156587 as Stephen Chu, rather than appellant.

Despite appellee's arguments that the invoices established a contract with appellant, appellee is simply wrong. Appellee failed to bring forth any evidence linking the invoices to any account held by appellant. Rather, the invoices show that Stephen Chu, DDS, individually, received and accepted the shipment. While we acknowledge the one check from appellant to appellee, a check dated three years before litigation in which appellee has not linked in any way

to the current litigation does not conclusively establish the formation of a contract between appellant and appellee. Because appellee failed to establish a contract existed between the two parties, the trial court erred by granting summary judgment as a matter of law. We sustain appellant's first issue.

In its second issue, appellant argues the trial court erred by granting summary judgment in favor of appellee on his sworn account claim. However, appellee moved for summary judgment only on his breach of contract claim. As such, the trial court could not have granted summary judgment on appellee's sworn account cause of action. *See RR Publ'n & Prod. Co., Inc. v. Lewisville Indep. Sch. Dist.*, 917 S.W.2d 472, 473 (Tex. App.—Fort Worth 1996, no writ) (noting that when a party moves for summary judgment on only one of several causes of action, the trial court can grant summary judgment only on that one cause of action). Accordingly, we need not address appellant's second issue. *See* TEX. R. APP. P. 47.1.

In its third issue, appellant claims the trial court erred by relying on withdrawn deemed admissions to support appellee's motion for summary judgment. However, there is nothing in the record indicating the trial court relied on the withdrawn deemed admissions. Moreover, appellee concedes in his brief, "It cannot be said that the trial court was unaware that the deemed admissions had been withdrawn . . . ." As such, appellee has not relied on the withdrawn deemed admissions as a reason to uphold his motion for summary judgment. Rather, he relied on the invoices, which we have concluded are not evidence of a contract between appellant and appellee. Accordingly, we overrule appellant's third issue as moot.

## Conclusion

Having sustained appellant's first issue, we reverse the trial court's judgment and reverse and remand for further proceedings.

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE

130660F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

STEPHEN CHU, DDS, MSD, PA D/B/A
SMILE AGAIN ORTHODONTICS,
Appellant

No. 05-13-00660-CV          V.

HENRY SCHEIN, Appellee

On Appeal from the 68th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-12-12496-C.
Opinion delivered by Justice O'Neill.
Justices Moseley and FitzGerald
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 17th day of June, 2014.

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE